UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SHADOW OF THE CROSS CHURCH AND WILBUR DAWSON | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| EMPLOYERS MUTUAL CASUALTY COMPANY | MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, Employers Mutual Casualty Company ("Defendant"), hereby removes to this Court the matter styled *Shadow of the Cross Church, et al. v. Employers Mutual Casualty Company*, No. 612,438-B, 1st Judicial District Court, Caddo Parish, Louisiana. Defendant removes this matter on the basis of this Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. In support of removal, Defendant states as follows:

### I. THE STATE COURT ACTION

1. On or about November 7, 2018, plaintiffs, Shadow of the Cross Church and Wilbur Dawson ("Plaintiffs"), filed a petition for damages in the matter styled *Shadow of the Cross Church, et al. v. Employers Mutual Casualty Company*, No. 612,438-B, 1st Judicial District Court, Caddo Parish, Louisiana (the "State Court Action," Exhibit A).

2.  Defendant, Employers Mutual Casualty Company was served with the petition, through the Louisiana Secretary of State, on November 28, 2018 (Exhibit C).

3.  In accordance with 28 U.S.C. § 1446(a), and as noted in the attached index, the following documents are attached to this Notice of Removal:

    Exhibit A: Plaintiffs' Petition for Damages dated November 7, 2018

    Exhibit B: Request for Written Notice dated November 7, 2018;

    Exhibit C: Citation issued to Employers Mutual Casualty Company through the Secretary of State dated November 28, 2018; and

    Exhibit D: A copy of the docket sheet in the State Court Action (printed December 11, 2018).

4.  In accordance with Local Rule LR 5.6, requiring that a non-governmental corporate party to an action file a statement identifying all its parent corporations and any publicly traded company that owns 10 percent or more of the party's stock "as soon as practicable," Defendant shall file a Corporate Disclosure Statement.

## II. ORIGINAL SUBJECT MATTER JURISDICTION

5.  This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Complete diversity of citizenship exists, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Complete diversity of citizenship existed at the time the Plaintiffs filed the State Court Action and exists at the time of this removal. Thus, the State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### A. Diversity of Citizenship

6. Complete diversity of citizenship exists between Plaintiffs and Defendant as Plaintiffs and Defendant are citizens of, residents of, and domiciled in different states.

#### i. Citizenship of Plaintiffs

7. Plaintiff, Shadow of the Cross Church, is a non-profit corporation incorporated in the State of Louisiana, with its principal place of business in Shreveport, Louisiana.

8. Plaintiff, Wilbur Dawson, is an individual of the age of majority residing in and domiciled in the Parish of Caddo, State of Louisiana.

#### ii. Citizenship of Defendant

9. Defendant, Employers Mutual Casualty Company, is a foreign insurance company incorporated in Iowa, with its principal place of business in Des Moines, Iowa.

10. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendant in this lawsuit under 28 U.S.C. § 1332(a).

### B. Amount in Controversy

11. The amount in controversy in this action exceeds $75,000.00, exclusive of costs and interest.

12. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).

13. The amount in controversy in this matter is satisfied as the Plaintiffs' petition alleges that Plaintiffs are entitled to damages and penalties arising out of Defendant's failure to pay

following considerable property damage which resulted from a storm. Plaintiffs further allege bad faith damages as a result of Defendants purported failure to pay which may be taken into account in determining the amount in controversy. See *St. Paul Reinsurance Co. v. Greenberg*, 134 F. 3d 1250, 1253 (5th Cir. 1998); *Thomas v. Pace*, 2008 WL 4091674 (E.D. La. 2008). Accordingly, the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

### III. Timeliness of Removal

14. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of the date that Defendant received Plaintiffs' Petition. Plaintiffs' Petition was filed on November 7, 2018.

15. Defendant was served on November 28, 2018.

16. Therefore, this Notice of Removal is being filed within 30 days of Defendant's receipt of Plaintiff's Petition.

### IV. Other Procedural Requirements

17. Defendant files this Notice of Removal in the United States District Court for the Western District of Louisiana, Shreveport Division, which is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 98(c).

18. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

19. Defendant will promptly file a copy of this Notice of Removal with the Clerk of Court for the First Judicial District Court, Caddo Parish, Louisiana, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

20. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law.

## V. Conclusion

For these reasons, Defendant, Employers Mutual Casualty Company, hereby removes the State Court Action to the United States District Court for the Western District of Louisiana, Shreveport Division, in accordance with 28 U.S.C. § 1441 and § 1446. Defendant respectfully requests that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Respectfully submitted:

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: /s/ Luke D. Whetstone
  Brian A. Homza #06980
  Luke D. Whetstone #37355

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone:   (318) 221-6277
Telecopier:   (318) 227-7850
brian.homza@cookyancey.com
luke.whetstone@cookyancey.com

ATTORNEYS FOR EMPLOYERS
MUTUAL CASUALTY COMPANY

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management and that a copy of the same was served on opposing counsel by either electronic notification or by U.S. mail, postage pre-paid.

Shreveport, Louisiana, this 14th day of December, 2018.

/s/ Luke D. Whetstone
Luke D. Whetstone #37355

# AFFIDAVIT OF LUKE D. WHETSONE

STATE OF LOUISIANA

PARISH OF CADDO

Before me, the undersigned Notary Public, personally came and appeared:

**LUKE D. WHETSTONE**

Who, after identifying himself to me and being duly sworn, did depose and say:

1.

I am an attorney at Cook, Yancey, King & Galloway. I am currently working on the matter *Shadow of the Cross Church, et al. v. Employers Mutual Casualty Company*, No. 612,438-B, 1st Judicial District Court, Caddo Parish, Louisiana.

2.

Upon information, contained within the petition for damages, and belief, the Plaintiff, Shadow of the Cross Church, is a non-profit corporation incorporated in the State of Louisiana, with its principal place of business in Shreveport, Louisiana, and Plaintiff, Wilbur Dawson, is an individual of the age of majority residing in and domiciled in the Parish of Caddo, State of Louisiana.

Further, Defendant, Employers Mutual Casualty Company, is a foreign insurance company incorporated in Iowa, with its principal place of business in Des Moines, Iowa.

3.

I declare under penalty of perjury that the foregoing is true and correct.

_____
LUKE D. WHETSTONE

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, on this 14th day of December, 2018.

_____
NOTARY PUBLIC
I.D. # 2271

**Lori C. Schildt**
**Notary No. 2271**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHADOW OF THE CROSS CHURCH AND WILBUR DAWSON | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| EMPLOYERS MUTUAL CASUALTY COMPANY | MAGISTRATE JUDGE: |

**INDEX OF DOCUMENTS FILED WITH DEFENDANT'S NOTICE OF REMOVAL**

In accordance with 28 U.S.C. § 1446(a), Defendant, Employers Mutual Casualty Company submits this Index of Documents filed with Defendant's Notice of Removal, identifying the following documents which are filed with its Notice of Removal and filed or related to <u>Shadow of the Cross Church, et al. v. Employers Mutual Casualty Company</u>, No. 612,438-B, 1st Judicial District Court, Caddo Parish, Louisiana.

  Exhibit A: Plaintiffs' Petition for Damages dated November 7, 2018

  Exhibit B: Request for Written Notice dated November 7, 2018;

  Exhibit C: Citation issued to Employers Mutual Casualty Company through the Secretary of State dated November 28, 2018; and

  Exhibit D: A copy of the docket sheet in the State Court Action (printed December 11, 2018).