1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. 612,438            DIVISION " B "

SHADOW OF THE CROSS CHURCH AND WILBUR DAWSON

VERSUS

EMPLOYERS MUTUAL CASUALTY COMPANY

FILED: _____     _____
                                                            DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of **SHADOW OF THE CROSS CHURCH** and **WILBUR DAWSON**, a Louisiana Non-profit religious corporation and an individual of the age of majority and domiciled in the Parish of Caddo, State of Louisiana now represent as follows:

1.

Made defendant herein is as follows:

**EMPLOYERS MUTUAL CASUALTY COMPANY**, (hereinafter referred to as "EMC Insurance") a foreign insurance company authorized to do and is doing business within the boundaries of the State of Louisiana and Parish of Caddo;

2.

At all times relevant hereto, Petitioner, **SHADOW OF THE CROSS CHURCH AND WILBUR DAWSON**, were the lawful owner of the property located at 4140 Greenwood Rd. Shreveport, Louisiana 71109.

3.

At all times relevant hereto, defendant, **EMPLOYERS MUTUAL CASUALTY COMPANY (hereinafter "EMC INSURANCE")**, provided a policy of insurance to petitioner, SHADOW OF THE CROSS CHURCH which provided full insurance coverage for the commercial property at issue in this matter.

4.

On April 28, 2017 a wind, hail, and rain event occurred at the property during a thunderstorm moving through the area of the insured property. The wind, hail, and rain caused

FAX IN
$450
FILED
NOV 07 2018
TORI HAYES
DEPUTY CLERK OF COURT

EXHIBIT A

considerable damages to the property, including damages to the roof, roof components, wall systems, and otherwise causing failure of the roof system and consequential water intrusion into the church which provides routine religious services to its members. Prior to this occurrence there was no water leaking into the premises.

5.

As required by the policy of insurance in existence, the wind, hail, and rain loss was then promptly reported by the petitioners to **EMC INSURANCE**. Petitioner fully cooperated with **EMC INSURANCE** in his attempt to have his church repaired, with needed roof replacement, building repair, and otherwise. Satisfactory Proof of Loss was supplied to **EMC INSURANCE** for the loss on multiple occasions evidencing roof and building damages, and consequential leaks into the premises. Proof of loss was provided to **EMC INSURANCE** again on August 28, 2018 which illustrated tears in the roofing system, with evidence that the engineer hired by EMC Insurance stated in this report that "there was wind damage to the asphalt shingles of the building", which required **EMC INSURANCE** to place the insured into the position prior to the loss event. In response, for the past sixty (60) days, **EMC INSURANCE** through its representatives have stated that it is considering resolution of the matter, but will EMC INSURANCE will not agree to pay anything upon the date of this filing, and will not agree to pay a proposed fifty percent 50% repair cost figure on the damage estimate submitted by the policyholder.

6.

In response, **EMC INSURANCE** delayed response in this matter over sixty (60) days and has not done anything besides conveying that it may resolve the matter, but it has consistently refused to replace the roof and fully repair the consequential damages stemming from the moisture intrusion into the property from the wind, hail, and rain event.

7.

The actions of **EMC INSURANCE** through its claim handlers and representatives in stalling this claim and wrongfully misrepresenting both policy, and non-policy facts and provisions, were in direct violation of Louisiana Revised Statutes 22:1892 and 22:1973. In lieu of helping the petitioner, their insureds, **EMC INSURANCE** either committed misrepresentations or negligence, and at the very least, acted in an arbitrary fashion or without probable cause in refusing

to fully replace this roof and repair the church with a like kind and quality roofing product. Specifically, EMC INSURANCE was presented with a proof of loss on August 28, 2018 with supporting documentation but has refused to pay anything in violation of La.R.S. 22:1973.

8.

EMC INSURANCE wrongfully denied this claim and improperly misrepresented both policy and non-policy factual circumstances in violation of Louisiana Supreme Court doctrine in the decision in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15). EMC INSURANCE has further failed to offer to settle this case in any degree by their insured, **SHADOW OF THE CROSS CHURCH** and its representative, **WILBUR DAWSON**.

9.

Thereafter, **EMC INSURANCE**, for all reasons described herein and otherwise, failed to fulfill its obligations under the policy of insurance, and is therefore liable unto your Petitioners for the following reasons, *to-wit*:

a. Failing to pay for all damages due under the policy;

b. Failing to bring in qualified professionals to timely and properly assess all of the damages;

c. Improperly conveying non-policy requirement information to its insured in an attempt to deny a rightful claim, supported with all requested documents;

d. Refusing to assist its insured and offer to settle, in violation of the doctrine in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15)

e. Failing to pay any amounts under the policy;

f. Failure to timely and properly communicate with its insured;

g. Breach of Contract;

h. Negligence;

i. Intentional or Negligent misrepresentation of non-policy and policy facts and provisions;

j. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 (formerly 22:1220) and 22:1892 (formerly 22:658). This

to fully replace this roof and repair the church with a like kind and quality roofing product. Specifically, EMC INSURANCE was presented with a proof of loss on August 28, 2018 with supporting documentation but has refused to pay anything in violation of La.R.S. 22:1973.

8.

EMC INSURANCE wrongfully denied this claim and improperly misrepresented both policy and non-policy factual circumstances in violation of Louisiana Supreme Court doctrine in the decision in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15). EMC INSURANCE has further failed to offer to settle this case in any degree by their insured, **SHADOW OF THE CROSS CHURCH** and its representative, **WILBUR DAWSON**.

9.

Thereafter, **EMC INSURANCE**, for all reasons described herein and otherwise, failed to fulfill its obligations under the policy of insurance, and is therefore liable unto your Petitioners for the following reasons, *to-wit*:

    a.    Failing to pay for all damages due under the policy;

    b.    Failing to bring in qualified professionals to timely and properly assess all of the damages;

    c.    Improperly conveying non-policy requirement information to its insured in an attempt to deny a rightful claim, supported with all requested documents;

    d.    Refusing to assist its insured and offer to settle, in violation of the doctrine in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15)

    e.    Failing to pay any amounts under the policy;

    f.    Failure to timely and properly communicate with its insured;

    g.    Breach of Contract;

    h.    Negligence;

    i.    Intentional or Negligent misrepresentation of non-policy and policy facts and provisions;

    j.    Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 (formerly 22:1220) and 22:1892 (formerly 22:658). This

includes the failure of **EMPLOYERS MUTUAL CASUALTY COMPANY** to engage in good faith settlement discussions in violation of the recent Louisiana Supreme Court case decision in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15) – this particularly applies to EMC Insurance disregarding the sixty-day requirement by law

10.

As a result of the foregoing acts and/or omissions, **DEFENDANT, EMC INSURANCE** should adequately compensate Petitioners for all items covered under the policy of insurance, including but not limited to:

a. Full value of the property damage to the property, contents, and otherwise;

b. Recoverable Depreciation;

c. Mental Anguish (as to **WILBUR DAWSON** only);

d. Attorney fees and case costs as allowed by statute;

e. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 (formerly 22:1220) and 22:1892 (formerly 22:658) This includes the failure of **EMC INSURANCE** to engage in good faith settlement discussions in violation of the Louisiana Supreme Court case decision in *Kelly v. EMC INSURANCE Fire & Cas. Co.*, 2014-1921 (La. 5/5/15);

**WHEREFORE**, plaintiffs **SHADOW OF THE CROSS CHURCH** and **WILBUR DAWSON** prays that the defendant, **EMPLOYERS MUTUAL CASUALTY COMPANY** be served with a copy of this petition, and that after all legal delays they be required to answer same and after all proceedings there be a judgment in favor of petitioner for all amounts commensurate with their damages to include all building damages, contents, recoverable depreciation, general and special damages, and arbitrary and capricious penalties and attorney's fees pursuant to LSA R.S. Arts. 22:1973 and 22:1892 all as reasonable under the premise, to be determined by the trier of fact; said judgment against defendant **EMPLOYERS MUTUAL CASUALTY COMPANY** together with legal interest thereon from the date of judicial demand until paid, for all cost of these proceedings, for all expert fees and for all general and equitable relief

Respectfully submitted:

**LAHATTE LAW FIRM, L.L.C.**

Joseph "Joey" F. LaHatte, III No. 31224
2000 Clearview Parkway
Suite 203
Metairie, Louisiana 70001
Telephone: (504) 309-2996
Facsimile: (855) 733-8180
joey@lahattelaw.com

**PLEASE SERVE:**

**EMPLOYERS MUTUAL CASUALTY COMPANY**
Through the Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809